UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT S. PHILLIPS,

               Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

               Defendant.

Case No. C16-5451-JCC

**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Robert S. Phillips seeks review of the denial of his Title II application for Disability Insurance Benefits (DIB). Mr. Phillips contends the ALJ erred in evaluating the credibility of his own symptom testimony as well as the medical opinion evidence. Dkt. 13 at 2. Mr. Phillips contends these errors resulted in a residual functional capacity (RFC) determination that failed to account for all of his limitations. *Id.* Mr. Phillips further argues that the vocational expert's (VE's) testimony is inconsistent with the Dictionary of Occupational Titles (DOT) and, therefore, substantial evidence does not support the ALJ's finding, at step five, that he can perform other jobs in the national economy. *Id.* at 2, 14. Mr. Phillips contends this matter

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

should be remanded for an award of benefits or, alternatively, for further administrative proceedings. *Id.* at 16. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

In April 2013, Mr. Phillips applied for benefits, alleging disability as of March 12, 2012.[2] Tr. 22. Mr. Phillips' applications were denied initially and on reconsideration. Tr. 22, 70-88. After the ALJ conducted a hearing on November 18, 2014, he issued a decision finding Mr. Phillips not disabled. Tr. 22-31.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:** Mr. Phillips has not engaged in substantial gainful activity since March 12, 2012, the alleged onset date.

**Step two:** Mr. Phillips has the following severe impairments: cervical degenerative disc disease with spondylosis and radiculitis, status-post discectomy with fusion and instrumentation, with mild face degeneration; coronary artery disease with angina; tensynovitis right hand.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity:** Mr. Phillips can perform sedentary work as defined in 20 C.F.R. 404.1567(a) except he could stand or walk for two hours in an eight-hour

---

[2] The Court notes that the application for DIB in the record indicates that Mr. Phillips is alleging disability as of May 27, 2011, while the ALJ's decision and Mr. Phillips' Opening Brief indicate he is alleging disability as of March 12, 2012. Tr. 22, 170; Dkt. 13 at 2. Neither party identifies this apparent discrepancy nor does it affect the Court's ultimate determination here as to whether the ALJ's non-disability finding is supported by substantial evidence and free of legal error. However, on remand, the ALJ is directed to clarify any discrepancy in the record regarding the alleged onset date.

[3] 20 C.F.R. §§ 404.1520, 416.920.

[4] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

workday; he could sit for six hours in an eight-hour workday; he could never climb ladders, ropes or scaffolds; he could occasionally balance, stoop, crouch, kneel, crawl, or climb ramps or stairs; he could frequently complete rotation, flexion or extension of the neck; he could occasionally perform overhead reaching bilaterally; he could frequently handle and finger bilaterally; he should avoid concentrated exposure to vibration and hazards, including using of moving machinery and unprotected heights.

**Step four:** Mr. Phillips cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Mr. Phillips can perform, he is not disabled.

Tr. 22-31. The Appeals Council denied Mr. Phillips' request for review making the ALJ's decision the Commissioner's final decision. Tr. 1-6.[5]

# DISCUSSION

## A. Mr. Phillips' Symptom Testimony

Mr. Phillips contends the ALJ erred in evaluating the credibility of his symptom testimony. Dkt. 13 at 2-7. The Court disagrees.

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez*, 572 F.3d at 591. "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.2007)). "General findings are

---

[5] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Here, the ALJ provided several clear and convincing reasons for discounting Mr. Phillips' testimony.

In evaluating the credibility of a claimant's testimony, the ALJ may consider a range of factors including prior inconsistent statements concerning symptoms, inconsistency with the medical evidence, as well as the claimant's daily activities. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). Although, once evidence demonstrating a medically determinable impairment has been provided an ALJ may not discredit a claimant's testimony solely as unsupported by objective medical evidence, *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991), an ALJ may discredit a claimant's testimony when it contradicts evidence in the medical record. *Johnson*, 60 F.3d at 1434. Here, the ALJ reasonably discounted the credibility of Mr. Phillips' testimony based on inconsistencies between his allegations and the medical record. Tr. 27-28. Specifically, the ALJ noted that during a March 2014 independent medical examination (IME) with Dr. Kretschmer, Mr. Phillips walked with a cane which he claimed was necessary due to balance trouble when moving his head. Tr. 27-28, 695. However, on examination by his treating provider, Brendon B. Hutchinson, M.D., one day prior to Dr. Kretschmer's IME, Mr. Phillips was noted to ambulate normally and without an assistive device. Tr. 599. This evidence from Mr. Phillips' treating provider also tends to contradict Mr. Phillips' hearing testimony that he uses a cane daily for any walking or standing. Tr. 53. Mr. Phillips does not challenge this basis for discounting his credibility and, under the circumstances, the ALJ reasonably found Mr. Phillips' allegation that he needed a cane for balance inconsistent with the medical evidence and that the inconsistency

undermined the credibility of his symptom testimony.

The ALJ also reasonably found Mr. Phillips' allegation that he was unable to work, in part, due to weakness in both of his arms inconsistent with examinations subsequent to his cervical spinal fusion surgery which demonstrated normal strength. Tr. 27-28, 51, 53. Specifically, the ALJ notes that in March 2013, Dr. Kretschmer noted 5/5 strength throughout, in November 2013, Carlos Moravek, M.D., found 5/5 strength in both upper extremities, in June 2014, Dr. Hitchinson noted 5/5 muscle strength and in September 2014, Dr. Weinstein noted that muscle testing revealed no weakness. Tr. 27-28, 552, 613, 689, 707. The ALJ also reasonably found the medical evidence here inconsistent with Mr. Phillips' allegations and properly discounted the credibility of his testimony on this basis.[6]

Accordingly, the ALJ did not err in discounting the credibility of Mr. Phillips' symptom testimony.

## B. Medical Opinion Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a nonexamining physician. *See Lester*, 81 F.3d at 830. Where a treating or examining doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Id.* Where contradicted, a treating or examining physician's opinion may not be rejected without "specific and legitimate reasons supported by substantial evidence in the record

---

[6] The ALJ also gave other reasons for discounting Mr. Phillips' testimony. However, the Court need not address these other reasons in detail because, even if erroneous their inclusion is harmless as they do not negate the ALJ's other valid reasons for discounting Mr. Phillips' testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason, among other reasons for discounting a claimant's testimony, is at most harmless error if the other reasons are supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination).

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

for so doing." *Id.* at 830-31. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

### 1. Louis F. Kretschmer, M.D.

Mr. Phillips contends the ALJ erred in evaluating Dr. Kretschmer's opinions that he could not have "repetitive usage of the cervical spine in a non-ergonomic position." Dkt. 13 at 7-11; Tr. 709. The Court agrees.

In March 2013, Dr. Kretschmer opined that Mr. Philips could not have repetitive usage of the cervical spine in a non-ergonomic position but noted that this was a temporary restriction of unknown duration. Tr. 709. In March 2014, Dr. Kretschmer made this restriction permanent.[7] Tr. 697. The ALJ gave "some weight" to Dr. Kretchmer's opinions "to the extent they are consistent with the above residual functional capacity" and indicated that "Dr. Kretschmer's concerns are accommodated by the above residual functional capacity." Tr. 29. Substantial evidence does not support this finding as the ALJ neither properly rejected nor accounted for Dr. Kretschmer's limitation in the RFC or in the hypothetical to the VE.

The Commissioner argues that the ALJ's restriction in the RFC to "frequent rotation, flexion or extension of the neck" accommodates Dr. Kretchmer's limitation to no "repetitive usage of the cervical spine." Dkt. 14 at 12. However, the Commissioner misconstrues Dr.

---

[7] The ALJ, and the Commissioner, indicate that it was Dr. Hutchinson who made this restriction permanent. Tr. 28-29; Dkt. 14 at 12. However, upon reviewing the record, and the pages cited by the ALJ, it appears that it was Dr. Kretschmer again, not Dr. Hutchinson, who made this limitation permanent. Tr. 693-698, 701-711.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

Kretschmer's opinion, ignoring the fact that Dr. Kretschmer's limitation is not simply to no "repetitive usage of the cervical spine" but to no "repetitive usage of the cervical spine *in a non-ergonomic position*." Tr. 709 (emphasis added). There is no medical opinion or other evidence indicating that a restriction to frequent rotation, flexion or extension of the neck adequately accommodates Dr. Kretschmer's limitation to no repetitive usage of the cervical spine in a non-ergonomic position. Nor, on its face, is a restriction to frequent rotation, flexion or extension of the neck clearly equivalent to a restriction to no repetitive usage of the cervical spine in a non-ergonomic position. That is to say, even if a job required only frequent rotation, flexion or extension of the neck, it might still require repetitive use of the cervical spine in a non-ergonomic position, i.e., a job might require an individual to sit bent over a conveyor belt or in an otherwise non-ergonomic position. *See, e.g., Lobato v. Astrue*, No. 10-02022, 2011 WL 4712212 at *12 (N.D. Cal. Oct. 7, 2011) (finding the ALJ harmfully erred in failing to properly reject or account for a limitation requiring an ergonomic work station and noting the VE's testimony that such limitation becomes a "'significant vocational factor' that could limit employment due to inability to properly access the work space without modifications.").

Accordingly, the ALJ harmfully erred in failing to either properly reject or account for Dr. Kretchmer's limitation in the RFC or in the hypothetical to the VE. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (An error is harmless only if it is "inconsequential to the ultimate nondisability determination" and a Court cannot consider an error harmless unless it can "confidently conclude that no reasonably ALJ, when fully crediting the testimony, could have reached a different disability determination."); *and see Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a

finding that claimant can perform jobs in the national economy."). On remand, the ALJ should reevaluate Dr. Kretchmer's opinions.

### 2. Mitchell A. Weinstein, M.D.

Mr. Phillips contends the ALJ erred in evaluating Dr. Weinstein's opinion that he had a "permanent restriction regarding excessive movement of his cervical spine due to pain." Tr. 686-692; Dkt. 13 at 10-11. The Court agrees.

In September 2014, Dr. Weinstein performed an independent medical examination of Mr. Phillips. Tr. 686-692. Dr. Weinstein indicated diagnoses of herniated cervical disc, left C6-7, status post anterior cervical diskectomy and plated fusion, C6-7, and preexisting degenerative cervical disc disease. Tr. 690. Dr. Weinstein noted cervical range of motion findings of 20 degrees flexion, 20 degrees extension, 25 degrees left and right lateral bending, and 40 degrees head turning to each side. Tr. 689. Dr. Weinstein opined that Mr. Phillips had a "permanent restriction regarding excessive movement of his cervical spine due to pain." Tr. 690. The ALJ again gave "some weight" to Dr. Weinstein's opinion "to the extent it is consistent with the above residual functional capacity" and further found that "Dr. Weinstein's concerns are accommodated by the above residual functional capacity." Tr. 29. The ALJ limited Mr. Phillips in the RFC to "frequent rotation, flexion and extension of the neck." Tr. 25.

Mr. Phillips argues that the RFC limitation to frequent rotation, flexion and extension of the neck does not adequately account for Dr. Weinstein's opinion. Dkt. 13 at 11. The Commissioner argues that the RFC does adequately account for Dr. Weinstein's opinion. Dkt. 14 at 12. The Court agrees with Mr. Phillips. Dr. Weinstein's opinion does not define what he means by "excessive movement" and, thus, it is unclear whether a limitation to frequent rotation, flexion and extension of the neck adequately accounts for this limitation. Tr. 690. Moreover,

importantly, Dr. Weinstein's objective examination findings reflect significantly reduced cervical range of motion which would tend to indicate that his restriction on "excessive movement" may refer, at least partly, to his cervical range of motion rather than simply the frequency of movement. Tr. 689-690. To the extent Dr. Weinstein's restriction on excessive movement refers to range of movement rather than or in addition to frequency of movement, the RFC limitation to frequent rotation, flexion and extension of the neck would not properly account for Dr. Weinstein's opinion. The Court notes that cervical range of motion limitations may very well limit an individual's ability to perform certain jobs. *See, e.g., Oliver v. Comm'r Soc. Sec. Admin.*, No. 12-02143, 2014 WL 795101, at *3 (D. Or. Feb. 27, 2014) (cervical range of motion limitations "preclude the ability to perform a great number of jobs."); *and see Brown v. Colvin*, No. 15-1997, 2016 WL 2865233, at *3 (W.D. Wash. May 17, 2016)("[p]laintiff's inability to perform repetitive cervical rotation or extension is related to her ability to be employed, and is therefore significant, probative evidence."). "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). Without further development the record is ambiguous as to whether the ALJ's RFC limitation to frequent rotation, flexion and extension of the neck, adequately accounts for Dr. Weinstein's opinion. Accordingly, on remand, the ALJ should develop the record as necessary to clarify Dr. Weinstein's opinion and reevaluate that opinion.

3. **Dale Thuline, M.D.**

Mr. Phillips contends the ALJ erred in evaluating State consulting physician Dr. Thuline's opinion with respect to his ability to push and pull with his upper extremities. Dkt. 13 at 13. The Court agrees.

In October 2013, Dr. Thuline reviewed Mr. Phillips' records and opined, among other things, that he could not perform repetitive pushing or pulling with the bilateral upper extremities. Tr. 29, 85. The ALJ gave "some weight" to Dr. Thuline's opinion "to the extent that it is consistent with the above residual functional capacity." Tr. 29. The Commissioner does not dispute that the ALJ erred in failing to either properly reject Dr. Thuline's opinion or include it in the RFC and hypothetical to the VE. Dkt. 14 at 13. However, the Commissioner argues this error is harmless because the jobs identified by the VE "do not describe duties involving pushing or pulling." *Id.*

"The ALJ may meet his burden at step five by asking a vocational expert a hypothetical question based on medical assumptions supported by substantial evidence in the record reflecting all the claimant's limitations, both physical and mental, supported by the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that claimant can perform jobs in the national economy." *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Here neither the RFC nor the hypothetical presented to the VE included Dr. Thuline's limitation that Mr. Phillips was unable to perform repetitive pushing or pulling with the bilateral upper extremities. In light of the incomplete hypothetical, the VE's testimony lacks evidentiary value to support a finding that Mr. Phillips can perform jobs in the national economy. The Court declines to speculate whether the jobs identified by the ALJ would or would not, in fact, be precluded by Dr. Thuline's limitation

on pushing or pulling with the bilateral upper extremities. Some of the jobs identified by the VE foreseeably require the ability to push and/or pull to some degree.[8] While it is certainly not at all clear that these jobs would require the ability to push and/or pull repetitively, this is an issue that is more appropriately addressed by the VE, not by the Court in the first instance. Furthermore, as the matter must be remanded and the RFC re-determined due to other errors, on remand, the ALJ should also reevaluate Dr. Thuline's opinion that Mr. Phillips was unable to perform repetitive pushing or pulling with the bilateral upper extremities.

**C.     Vocational Expert Testimony**

Mr. Phillips also contends the VE's testimony is inconsistent the Dictionary of Occupational Titles. Dkt. 13 at 13-15. However, because the ALJ must reevaluate some of the medical opinion evidence, re-determine the RFC and reevaluate steps four and five on remand, the Court does not reach this issue. Alteration of the ALJ's RFC determination on remand may render Mr. Phillips' challenges to the VE's testimony moot.

**D.     Scope of Remand**

In general, the Court has discretion to remand for further proceedings or to award benefits. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 1990). The Court may remand for benefits where 1) the record is fully developed and further administrative proceedings would serve no useful purpose; 2) the ALJ

---

[8] The job of "toy stuffer" is described as involving tending a machine that blows filler into stuffed toy shells, inserting wires, depressing pedals, placing toys in boxes, and potentially stuffing toys by hand. *See* DOT 731.685–014. Moreover, the job of "table worker" is described as involving examining squares (tiles) of felt-based linoleum material passing along a conveyor and replacing missing and substandard tiles. *See* DOT 739.687-182. While the descriptions of these jobs do not specifically indicate that pushing and/or pulling are required given the descriptions provided of the job duties it is foreseeable that they may require the ability to push and/or pull to some degree.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 11

fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, it is not clear from the record that the ALJ would be required to find Mr. Phillips disabled if the evidence were properly considered. There is conflicting medical evidence which must be reweighed and resolved by the ALJ and further development of the record is necessary. Accordingly, the Court finds it appropriate to remand this case for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should: (1) reevaluate Dr. Kretschmer's opinions that Mr. Phillips cannot have repetitive usage of the cervical spine in a non-ergonomic position; (2) develop the record and reevaluate Dr. Weinstein's opinion that Mr. Phillips has a permanent restriction regarding excessive movement of his cervical spine due to pain; (3) reevaluate Dr. Thuline's opinion that Mr. Phillips is unable to perform repetitive pushing or pulling with the bilateral upper extremities; and, (4) re-determine the RFC and steps four and five with the assistance of VE testimony as necessary.

DATED this 11th day of May, 2017.

JOHN C. COUGHENOUR
United States District Judge

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 13